UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Randi Lynn Erickson, | Case No. 21-cv-02536 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Craig Randall Sawyer, Robert Hamer, and Kim Picazio, | |
| Defendants. | |

This matter is before the Court on Plaintiff's self-styled Motion to/for Service of Notice of Complaint to Kim L. Picazio, individually and as Principal (Dkt. 11). Plaintiff appears to seek an order allowing for service of the Summons and Complaint on Defendant Kim L. Picazio, individually and as Principal, "using her BAR Membership number [ ] via the Pacer system." (*Id.* at 1.) The basis for this request is that "Broward County Sheriff has not returned the notice of service for her or her law firm." (*Id.* at 2.)

A court may not exercise power over a party without service of process or waiver of service by the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citation omitted). Rule 4(e)(2) of the Federal Rules of Civil Procedure requires delivering a copy of the summons and of the complaint to the individual personally, leaving a copy at the individual's dwelling with a person of suitable age, or delivering a copy to an agent authorized to receive service of process. *See* Fed. R. Civ. P. 4(e)(2). In addition, a plaintiff may also request waiver of service in writing in accordance with Rule 4(d). *See* Fed. R. Civ. P. 4(d)(1). While courts have

concluded that electronic service of defendants outside of the United States may under certain circumstances be proper under Rule 4(f)(3), it does not apply to domestic defendants, such as Picazio, who according to the Complaint resides in Florida (Dkt. 1 at 2). *See Joe Hand Promotions, Inc. v. Shepard*, No. 4:12CV1728 SNLJ, 2013 WL 4058745, at *1-2 (E.D. Mo. Aug. 12, 2013); *see also Fed.* R. Civ. P. 4(e), (f)(3).

The Court also notes that Rule 4(e)(1) also authorizes service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). However, similar to the Federal Rules, the Florida Rules of Civil Procedure also do not authorize service through electronic means. *See* Fla. R. Civ. P. 1.070; *see also Wildes v. Bitconnect Int'l PLC*, No. 9:17-CV-80086, 2018 WL 4864836, at *1 (S.D. Fla. Mar. 20, 2018) (denying electronic service).

For all of these reasons, and on the basis that it does not appears that Plaintiff has exhausted service of Picazio via the Broward County Sheriff's Office or other means available, the Court denies Plaintiff's Motion for electronic service of the Summons and Complaint via PACER.

## ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:** Plaintiff's Motion to/for Service of Notice of Complaint to Kim L. Picazio, individually and as Principal (Dkt. 11.) is **DENIED**.

DATED: January 25, 2022         *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge