UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

| | |
|---|---|
| Randi Lynn Erickson, | File No. 21-cv-2536 (ECT/ECW) |
| Plaintiff and Counter-Defendant, | |
| v. | |
| Craig Randall Sawyer, | **OPINION AND ORDER** |
| Defendant and Counterclaimant, | |
| and | |
| Robert Hamer and Kim Picazio, *aka Kim L. Picazio*, | |
| Defendants. | |

───────────────────────────────────────────────

Randi Lynn Erickson, *pro se*.

Brendan R. Tupa and Tim L. Droel, Droel PLLC, Bloomington, MN, for Defendants Craig Randall Sawyer and Robert Hamer.

───────────────────────────────────────────────

Pro se Plaintiff Randi Lynn Erickson filed this lawsuit against three Defendants who she alleges have threatened her in retaliation for her efforts to combat human trafficking. Erickson alleges that Defendants each obtained a harassment restraining order against her in Minnesota state court as part of a conspiracy to carry out those threats. In this case, Erickson seeks an order vacating those harassment restraining orders and enjoining the state court from conducting further proceedings. Defendants Craig Randall Sawyer and Robert Hamer have moved to dismiss Erickson's Complaint for improper venue and failure

to state a claim under Rules 12(b)(3) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure.  (Erickson hasn't yet served Defendant Kim Picazio.)  Erickson also has filed various motions seeking miscellaneous relief.  Erickson's Complaint will be dismissed for lack of subject-matter jurisdiction, Defendants' motions to dismiss denied as moot, and Erickson's motions denied.

I[1]

Randi Erickson is a resident of Elk River, Minnesota.  Compl. at 1 [ECF No. 1]. Erickson alleges she is "a member of a task force created through a liaison to President Donald J. Trump operating under Joint Special Operations Command that gathers actionable intelligence of international crimes with the United States Army Intelligence Support Activity under the name Pentagon Pedophile Task Force." *Id.* at 9.  Erickson's task-force role is to "gather intelligence and electronically communicate it to agencies." *Id.*  Defendant Craig Sawyer is an Arizona resident who founded an organization called Veterans for Child Rescue, Inc. *Id.* at 2, 8; *see also* ECF No. 20 at 5 ¶¶ 6–7; ECF No. 28 at 1.  Defendant Robert Hamer is an Arizona resident and "Author/Advisor" for Veterans for Child Rescue.  Compl. at 2.  Defendant Kim Picazio is an attorney and Florida resident. *Id.* at 2.

Erickson alleges that Defendants and others have engaged in activities to prevent her from "providing the U.S. Military actionable evidence regarding crimes against

---

[1] In accordance with the standards governing a Rule 12(b)(6) motion, the facts are drawn from Erickson's Complaint and materials embraced by it.  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

humanity." *Id.* at 6. Because of her membership on the Pentagon Pedophile Task Force, says Erickson, Defendants, "through their own actions, and actions of their Agents, conspired to issue kidnap, torture, rape, and murder threats to [her] and other task force members as part of a plan to stop [her and other] task force members from communicating with the U.S. Military, Department of Homeland Security, FEMA, FBI, U.S. Border Patrol, state governors, law enforcement, and others" about Defendants. *Id.* at 9. Erickson alleges that Defendants obtained harassment restraining orders against her and other task force members by making "materially false statements" in petitions filed in Minnesota state court. *Id.* In those petitions,[2] Erickson alleges, Defendants claimed she has threatened and followed them, when in fact she has never communicated with Defendants, met them, or "gone to where they live." *Id.* Erickson alleges Defendants obtained the harassment restraining orders "to physically force and/or lure [her] into a trap set at a local courthouse whereupon [her] arrival, and/or while in transport, Defendants . . . and/or their Agents[] will make good on their written threats to kidnap and murder [her]." *Id.* Erickson alleges that Defendants have conspired with "Agents of the Anoka County Sheriff's Office in Minnesota." *Id.* at 10.

---

[2]  Erickson's submissions include court records from Sawyer and Picazio's actions against her in state court. Those records show that, in September 2021, Sawyer and Picazio obtained *ex parte* orders granting their petitions for harassment restraining orders against Erickson in Anoka County. ECF No. 31 at 13–48; ECF No. 29-1 at 2–5. The Anoka County court found reasonable grounds to believe Erickson "engaged in harassment which has or is intended to have a substantial adverse effect on safety, security, or privacy" of Sawyer and Picazio by having: "[f]ollowed, monitored, or pursued" them, "[m]ade threats," "[f]rightened [them] with threatening behavior," and "[u]sed social media to harass" them. ECF No. 31 at 16; ECF No. 29-1 at 2.

Erickson filed this lawsuit in November 2021. In her Complaint, Erickson seeks an order vacating the harassment restraining orders issued by the state court, "as well as any other Orders that have been entered in secret." Compl. at 11. Erickson has filed other motions repeating this request and that seek to enjoin Defendants, the state court, and others from proceeding in those lawsuits altogether. ECF No. 30 at 4 ¶ 10 ("Randi Lynn Erickson only asked the Court to STOP the illegal and unlawful private for-profit corporate judicial mechanisms that were being utilized in a diabolical plot by complete strangers where by [Defendants] weaponized a Family Court in Minnesota in a diabolical fraudulent scheme to assist in [her] kidnapping and murder . . . using local law enforcement and fraudulent and fake orders."); ECF No. 36 at 2 ¶¶ 3–6 (seeking temporary restraining order that enjoins Sawyer, his legal counsel, Anoka County, and the State of Minnesota "from acting on any existing court actions (i.e. 02-CV-21-4617; 02-cv-21-4500; 02-CV-21-4480) and from scheduling any new hearings in the State of Minnesota court, [or] issuing any further restraining orders and harassment orders against [] Erickson"). Erickson also seeks other miscellaneous relief, including appointment of a special prosecutor and "full federal legal protection" for herself and other task force members. *See* ECF Nos. 28, 30, 36.

Defendants Sawyer and Hamer have moved to dismiss Erickson's Complaint for improper venue and failure to state a claim. ECF Nos. 4, 14. Separately, Sawyer has filed a defamation counterclaim. ECF No. 20. Erickson has not filed an opposition brief countering the dismissal arguments raised by Defendants, though as noted she has filed several motions and voluminous submissions containing videos, images, and audio files that she says evidence an international human trafficking conspiracy.

4

II

Begin with subject-matter jurisdiction, something "federal courts are obligated to consider . . . *sua sponte*." *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010); *see Sisney v. Kaemingk*, 15 F.4th 1181, 1195 n.4 (8th Cir. 2021). The better reading of Erickson's Complaint is that she seeks to invoke federal-question jurisdiction under 28 U.S.C. § 1331. The Complaint mentions only federal law.[3] Compl. at 3, 7. Subject-matter jurisdiction under § 1331 is established when a well-pleaded complaint identifies a substantial federal question. *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331. . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citation omitted).

Though her Complaint is liberally construed, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), Erickson has not identified a substantial federal question. As the source of her federal question, Erickson cites the "14th Amendment – Due Process of Law," the "1st Amendment – Freedom of Speech," and four criminal statutes from Title 18 of the United States Code. Compl. at 3, 7. Considered against the entirety of her Complaint, Erickson's

---

[3] It is true that Erickson's Complaint includes many allegations that might conceivably meet elements of some state-law claims. But it would be a leap-too-far to determine that the Complaint plausibly alleges some particular state-law claim. Considered alongside the sheer breadth of Erickson's allegations and their interstate character, Erickson's failure to identify any state-law claim leaves one to speculate about what state claim or claims might possibly be implicated.

citations to constitutional Amendments "only suggest[s] the possible applicability of some federal law and would require a guess as to what federal claim, if any, [she] intends to assert." *Whitson v. Minn. Dep't of Health*, No. 19-cv-3165 (ECT/DTS), 2020 WL 5017823, at *3–4 (D. Minn. Aug. 25, 2020); *see also Grell v. Obama*, No. 15-mc-51 (JRT/BRT), 2015 WL 6445496, at *4–5 (D. Minn. Oct. 21, 2015). The federal criminal statutes Erickson cites face an additional problem: they do not provide private rights of action. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407–09 (8th Cir. 1999) (18 U.S.C. § 1951); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (18 U.S.C. § 241); *Fed. Savings & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987) (18 U.S.C. § 1001); *D'Ambly v. Exoo*, Civil Action No. 20-12880, 2021 WL 5083816, at *9 (D.N.J. Nov. 1, 2021) (18 U.S.C. § 875). If one were to guess that Erickson intended to assert some or all of these alleged violations as predicates under 42 U.S.C. § 1983, she alleges no facts suggesting that any Defendant acted under color of state law. *See Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009).

There is a separate problem. The relief Erickson seeks—an order vacating state-court harassment restraining orders and enjoining or limiting the state court's power to conduct further proceedings—is relief a federal district court lacks jurisdiction to award. "A federal district court may neither vacate a judgment or order entered in state court nor demand that the state court itself do so." *Stampone v. Conley*, No. 21-cv-2030 (ECT/ECW), 2021 WL 4597065, at *2 (D. Minn. Sept. 23, 2021) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)); *see Kedrowski v.*

*Richards*, No. 20-cv-193 (ECT/DTS), 2020 WL 5253869, at *3–4 (D. Minn. Sept. 3, 2020), *aff'd*, 2021 WL 1410910 (8th Cir. Feb. 12, 2021).

Erickson's various motions will be denied. Erickson's motions to "disqualify" the Anoka County district court [ECF No. 30] and for a temporary restraining order enjoining it [ECF No. 36] must be denied for the reasons described in the preceding paragraph. Erickson's motion for "appointment of a special prosecutor" for "crimes against humanity[,]" ECF No. 28 at 1, 4, lacks any legal support. *See* ECF No. 16; *see also Prouty v. Kosloski*, No. 21-cv-2431 (WMW/TNL), 2021 WL 5964539, at *1 (D. Minn. Dec. 16, 2021) ("Private citizens lack standing to bring claims under criminal law or to request that a third party initiate a criminal prosecution."). Erickson's request for "full federal legal protection" for herself and unnamed third parties will also be denied on this basis. *See* ECF No. 28 at 4. Erickson's renewed motion to serve Defendant Picazio electronically, ECF No. 28 at 4, will denied as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff Randi Lynn Erickson's Complaint [ECF No. 1] is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2. Defendant Craig Randall Sawyer's Motion to Dismiss Plaintiff's Complaint [ECF No. 4] is **DENIED** as moot.

3. Defendant Robert Hamer's Motion to Dismiss Plaintiff's Complaint [ECF No. 14] is **DENIED** as moot.

4. Erickson's motion for miscellaneous relief [ECF No. 28] is **DENIED**.

5. Erickson's Motion to Disqualify [ECF No. 30] is **DENIED**.

6. Erickson's Application for Emergency/Temporary Restraining Order [ECF No. 36] is **DENIED**.

Dated:  March 29, 2022                               s/ Eric C. Tostrud
                                                     Eric C. Tostrud
                                                     United States District Court